IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:15-CR-00105 |
| v. ) | |
| ) | |
| BRODERICK LAMAR SHOVELY, JR.,) | By:   Michael F. Urbanski |
| Defendant.           ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on Broderick Lamar Shovely, Jr.'s pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 84. The Federal Public Defender has supplemented Shovely's pro se request. ECF No. 94. The government opposes it. ECF No. 96. For the reasons stated herein, the court will **DENY** Shovely's motion.

### I.

On April 12, 2016, Shovely entered into a written plea agreement in which he pleaded guilty to one count of possession with intent to distribute 500 or more grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), along with one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). ECF No. 37. On September 26, 2016, Shovely was sentenced to 137 months of incarceration. ECF No. 51. Shovely has been in continuous custody since November 10, 2015, and has served more than half of his sentence. ECF No. 53 at 1. Shovely is currently housed at FCI Edgefield and has a projected release date of July 26, 2024.[1]

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Feb. 10, 2021) (search "Broderick Lamar Shovely").

Shovely seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Shovely asserts that he is at risk for genetically inheriting the sickle-cell anemia trait, which would compromise his immune system and make it difficult for him to fight COVID-19. ECF No. 84 at 3. Shovely is also the only child of two elderly parents with medical conditions. Id. at 2–3. Shovely wants to be released so that he can become the primary caretaker of his parents and so he can donate a kidney to his father who is on dialysis. Id. Shovely asks the court to reduce his sentence. Id. at 1. The government opposes any sentence reduction for Shovely. ECF No. 96. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Shovely's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Shovely is a danger to the safety of the community.

    i.    <u>Shovely has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u>; <u>see also</u> <u>United States v. McCoy</u>, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Shovely reportedly requested compassionate release from the warden of his facility on July 24, 2020. ECF No. 96 at 5. On August 18, 2020, the warden reportedly notified Shovely that his request had been denied due to a lack of required information. Id. Shovely then filed a motion for compassionate release with this court on August 21, 2020. ECF No. 84. Though Shovely's motion lacks supporting exhibits, the government does not contest that Shovely has exhausted his administrative remedies. ECF No. 96 at 5. Accordingly, the court finds that Shovely has satisfied the statute's exhaustion requirements.

    ii.    <u>Shovely does not present extraordinary and compelling circumstances.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[3] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

Here, Shovely argues that he is at risk for genetically inheriting the sickle-cell anemia trait, which would compromise his immune system and make it difficult for him to fight COVID-19. ECF No. 84 at 3. However, Shovely's BOP medical records do not indicate that he has any known medical conditions. ECF No. 96-2. Accordingly, Shovely has not demonstrated that there are extraordinary and compelling reasons to justify compassionate

---

[3] Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 1, 2021).

5

release based on his medical history. See, e.g., United States v. Elam, No. DKC 17-124, 2020 WL 4262271, at *3 (D. Md. July 24, 2020) (denying compassionate release motion based on family history—but no diagnosis—of diabetes).

Shovely also argues that he should be released to care for his aging parents and to donate a kidney to his father who is on dialysis. ECF No. 84 at 2-3. Shovely's desire to care for his parents is admirable and his is their only child, but he has neither argued nor demonstrated that he is their "only available caregiver," as required by Application Note C. U.S.S.G. § 1B1.13 cmt. n. 1(C).[4] Accordingly, Shovely's desire to care for his parents does not qualify as an extraordinary and compelling circumstance which could justify a reduction in his sentence.

While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). Because the court finds that Shovely has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[5]

---

[4] The court also notes that Application Note C only discusses caregivers of children and spouses. Some courts have granted compassionate release when a close family member beyond the inmate's spouse, partner, or minor child requires the inmate's care, such as a parent or adult child. See, e.g., United States v. Bucci, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (granting motion where inmate was only available caregiver of his mother). Other courts have refused to go beyond the listed family members in the application note. See, e.g., United States v. Goldberg, No. 12-180(BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) (denying motion in part because parents are not listed under U.S.S.G. § 1B1.13); United States v. Nevers, No. 16-88, 2019 WL 7281929, at *5 (E.D. La. Dec. 27, 2019) (denying motion because inmate's disabled child was not a minor).
[5] Because the court finds that Shovely has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.

## III.

For the reasons stated herein, the court will **DENY** Shovely's motion for compassionate release, ECF No. 84. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: February 18, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.02.18 16:43:26
-05'00'

Michael F. Urbanski
Chief United States District Judge